**IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA**

IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

APR 2 5 2014

MICHAEL S. RICHIE
CLERK

| | |
|---|---|
| CLAYTON D. LOCKETT AND CHARLES F. WARNER,<br><br>Petitioners,<br><br>v.<br><br>ROBERT PATTON, in his Official capacity as the Director of the OKLAHOMA DEPARTMENT OF CORRECTIONS and THE OKLAHOMA DEPARTMENT OF CORRECTIONS, ANITA K. TRAMMELL, in her official capacity as WARDEN, STATE PENITENTIARY,<br><br>Respondents. | No. O-2014-370<br><br>Cross-reference with<br>D-2000-1330<br>D-2003-829 |

**ORDER DENYING APPLICATION FOR STAY OF EXECUTION**

On April 25, 2014, an Application for Stay of Execution in the above referenced capital cases was filed in this Court.[1] No application for Post-Conviction Relief has been filed. In footnote 1 of the Application, Petitioners ask this Court to treat this filing as a successive application for post-conviction relief. We find, however, Petitioners have not met the requirements for filing a successive post-conviction application. Under 22 O.S.2011, § 1089(C)(1), only claims which "[w]ere not and could not have been raised" on direct appeal will be considered in a capital post-conviction claim. A capital post-conviction claim

---

[1] Prior to the filing of this pleading, this Court decided the matter pending in Case No. O-2014-361 regarding Petitioners' Petition In Error filed in the Oklahoma State Supreme Court. We have directed the Clerk of the Appellate Courts to assign Case No. O-2014-370 to the instant matter.

1

could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court will consider the claim only if it "[s]upports a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.2011, § 1089(C)(2).  Further, the rules of this Court provide that "[n]o subsequent application for post-conviction relief shall be considered by this Court unless it is filed within sixty (60) days from the date the previously unavailable legal or factual basis serving as the basis for a new issue is announced or discovered."  Rule 9.7(G)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App (2014).

In *Malicoat v. State,* 2006 OK CR 25, ¶ 8, 137 P.3d 1234, 1238, this Court set out our ability to review the protocol for lethal injection.  Petitioners have not pursued that argument. Instead, the substance of Petitioners' Application raises a claim for extraordinary relief from the actions of Respondents.  For a writ of prohibition to succeed Petitioners must establish:  (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in

injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2014). For a writ of mandamus to succeed, Petitioner must establish (1) a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B). Petitioners have not met the burden for a writ of prohibition or a writ of mandamus as they have not shown that the Respondents will exercise power unauthorized by law, required for a writ of prohibition, nor that Petitioners have a clear legal right to the relief sought. The issues raised in the Application have been decided in *Salazar v. State*, 1993 OK CR 21, ¶ 36, 852 P.2d 729, 738.

Accordingly, Petitioner's application for stay of execution is **DENIED**.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 25th day of April, 2014.

_____
**DAVID B. LEWIS, Presiding Judge**

_____
**CLANCY SMITH, Vice Presiding Judge**

_____
**GARY L. LUMPKIN, Judge**

_____
CHARLES A. JOHNSON, Judge

_____
ARLENE JOHNSON, Judge

ATTEST:
_____
Clerk

Michael S. Richie
Clerk of the Appellate Courts
Oklahoma Judicial Center
2100 N. Lincoln Blvd., Ste. 4
Oklahoma City, Oklahoma 73105-4907

**RECEIVED**

APR 28 2014

CARMELITA REEDER SHIN
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

Robert D. Dennis
WESTERN DISTRICT OF OKLA.
200 N.W. 4TH
OKLAHOMA CITY, OK  73102
198300700

Hasler   FIRST-CLASS MAIL
04/25/2014
US POSTAGE   $00.48⁰



ZIP 73105
011D11632993

73102302710